UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
WILTON KETTER, and
ELLIANA VILLAFANE,

                Plaintiffs,                **COMPLAINT**

   -against-

PAUL CARDONA, and
KEVIN HANLY,

                                       **PLAINTIFFS DEMAND**
              Defendants.         **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       Plaintiffs Wilton Ketter and Elliana Villafane, by their attorney, Michael Lumer, hereby allege upon information and belief:

### PARTIES, VENUE and JURISDICTION

       1.     Plaintiffs Wilton Ketter and Elliana Villafane were at all relevant times adult residents of the State of Connecticut.

       2.     At all relevant times hereinafter mentioned, defendant Paul Cardona was employed by the State of New York as a law enforcement officer with the New York State Police ("NYSB"). Defendant Cardona is sued herein in his official and individual capacities.

       3.     At all relevant times hereinafter mentioned, defendant Kevin Hanly was employed by the State of New York as a law enforcement officer with the NYSB. Defendant Hanly is sued herein in his official and individual capacities.

       4.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343, 1367, and 42 U.S.C. § 1983.

       5.     Venue is properly laid pursuant to 28 U.S.C. Section 1391, <u>et seq</u>. in this district as the majority of the actions complained of herein occurred in Queens County.

## RELEVANT FACTS

6. During the evening hours of May 26, 2023, plaintiffs were traveling in a sedan on the Grand Central Parkway ("GCP") in Queens County, New York.

7. At all relevant times herein plaintiff Ketter was driving the vehicle and plaintiff Villafane was sitting in the front passenger seat. No other people were in the vehicle.

8. As the plaintiffs were driving, they noticed a vehicle behind them with flashing lights.

9. That vehicle, an unmarked SUV assigned to the defendants by the NYSP for use in their capacity as NYSP employees, was occupied and operated by defendants Cardona and Hanly.

10. The defendants drove past the plaintiffs before stopping their vehicle across one or more lanes of the GCP in front of the plaintiffs.

11. The plaintiffs, observing the defendants stopping in the roadway further ahead, slowed to a stop.

12. The defendants exited their vehicle. One or both of the defendants drew his handgun and deliberately fired multiple shots at the plaintiffs through the windshield of the plaintiffs' stopped vehicle.

13. Plaintiff Ketter was struck in the head by, upon information and belief, two bullets.

14. The plaintiffs were and remain unaware of any reason for the defendants to subject them to a vehicle stop, much less to use deadly force against them.

15. However, the defendants' employer made various statements to the media

shortly thereafter to justify the defendants' use of force. Upon information and belief these statements were based on claims made by the defendants, who were the only known NYSP witnesses to the use of the force.

16. For instance, the New York Post, the Daily News, and NBC's Connecticut's local affiliate all reported on May 27, 2023, in sum and substance, that the NYSP had stated that the two defendants were engaged in a pursuit of plaintiffs' vehicle and that when the troopers tried to engage plaintiff Ketter, he continued "moving his vehicle toward the troopers," leading at least one of the troopers to shoot at both plaintiffs.

17. This version of facts was materially inaccurate. The plaintiffs did not attempt to flee nor did they use or attempt to use their vehicle as a weapon or otherwise operate their vehicle or engage in conduct in a way that would justify the defendants' use of deadly force against them.

18. Plaintiff Ketter was transported by ambulance to a local area hospital, arriving at or shortly before 11:30pm on May 26, 2023. He was admitted to the hospital with a comminuted and depressed fracture of the superolateral left orbital wall and rim and an acute sub-dural hematoma, and other injuries.

19. Plaintiff is continuing to treat for his injuries, including the traumatic brain injury caused by the defendants.

20. Plaintiff Villafane was fortunate that she was not struck by any of the bullets, but she was injured by the shattered windshield and suffered and is continuing to suffer from the trauma inflicted by the defendants' deliberate attempt to kill her.

21. Neither plaintiff was formally arrested following the shooting, and both

remain uncharged as of the filing of this complaint.

22. Neither defendant was formally arrested following the shooting, and both remain uncharged as of the filing of this complaint.

23. Both defendants were on duty and acting within the scope of their employment with the NYSP, and their acts were done in furtherance of the State of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

(Section 1983 Claim for Excessive Force
By All Plaintiffs Against Both Defendants)

24. Plaintiffs repeat the preceding allegations as though stated fully herein.

25. The individual defendants pointed loaded and operable handguns at the plaintiffs

26. One or both of the defendants deliberately fired their handgun at the plaintiffs.

27. To the extent that either of the defendants did not fire his gun at the plaintiffs, that defendant was aware that the other defendant had drawn his gun and would likely shoot at the plaintiffs, yet that defendant made no effort to prevent or limit his co-defendant's use of deadly force.

28. As reflected in the NYSP's statements to the media immediately after the shooting, the two defendants made materially false statements to NYSP about the events leading to the shooting in order to cover up their unlawful, unconstitutional, and criminal conduct, thus aiding and abetting each other's misconduct.

29. There was no reasonable basis for the defendants' threatened and actual

4

use of deadly force nor was it reasonable to believe such a basis existed.

33. As a result of the defendants' violent and threatening conduct, the plaintiffs suffered serious physical and emotional injuries.

31. By so doing, the individual defendants subjected the plaintiffs to excessive force, failed to intervene in the use of excessive force against plaintiffs, and aided and abetted in the violation of, plaintiffs' rights under the Fourth Amendment of the United States Constitution.

32. By reason thereof, the defendants have violated 42 U.S.C. §1983 and caused the plaintiffs to suffer emotional and physical injuries, medical expenses and economic loss, mental anguish, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION

(State Law Claim for Assault
By All Plaintiffs Against All Defendants)

33. Plaintiffs repeat the preceding allegations as though stated fully herein.

34. The defendants threatened to shoot plaintiffs and did, in fact, fire one or both of their handguns at both plaintiffs, placing the plaintiffs in immediate fear that the defendants were about to cause them each physical injury and/or death.

35. The actions undertaken by the defendants in terms of drawing their weapons, pointing their weapons at the plaintiffs, and firing their weapons at the plaintiffs, were performed intentionally.

36. By reason thereof, the defendants are liable to the plaintiffs for assault and have caused the plaintiffs to suffer emotional and physical injuries, economic loss, and mental anguish.


## THIRD CAUSE OF ACTION

(State Law Claim for Battery
by All Plaintiffs Against All Defendants)

37. Plaintiffs repeat the preceding allegations as though stated fully herein.

38. The defendants committed the tort of battery when their bullets struck plaintiff Ketter and caused broken glass to strike and injure plaintiff Villafane.

39. The defendants' use of force, including their decision to shoot plaintiffs and the actions they took to bring this about were intentional and deliberate.

40. By reason thereof, the defendants are liable to the plaintiffs for battery and have caused the plaintiffs to suffer emotional and physical injuries, medical expenses and economic loss, and mental anguish.

## FOURTH CAUSE OF ACTION

(State Law Claim for Excessive Force
by All Plaintiffs Against All Defendants)

41. Plaintiffs repeat the preceding allegations as though stated fully herein.

42. The defendants used deadly force against the plaintiffs without justification in order to effect a seizure of one or both plaintiffs.

43. The defendants' use of deadly force was excessive and wholly disproportionate to the circumstances known to the defendants in that the plaintiffs were not armed nor did the defendants have any basis to believe the plaintiffs were armed, and because the plaintiffs' conduct did not justify the use of any force, much less deadly force.

44. By reason thereof, the defendants are liable to the plaintiffs for using

excessive force and have caused the plaintiffs to suffer emotional and physical injuries, medical expenses and economic loss, and mental anguish.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against the defendants as follows:

　　i.　　actual and punitive damages against the individual defendants in amounts to be determined at trial;

　　ii.　　statutory attorney's fees pursuant to, inter alia, 42 U.S.C. § 1988 and New York common law, as well as disbursements, and costs of the action;

　　iii.　　such other relief as the Court deems just and proper.

Dated:　New York, New York
　　　　June 26, 2023

　　　　　　　　　　　　　　　　　　LUMER LAW GROUP
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Michael Lumer, Esq.
　　　　　　　　　　　　　　　　　　14 Wall Street, Suite 1603
　　　　　　　　　　　　　　　　　　New York, New York 10005
　　　　　　　　　　　　　　　　　　(212) 566-5060